**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-5086**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHAHIEE JERMAINE FLOWERS, a/k/a Munchie,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Aiken.   Margaret B. Seymour, District Judge.
(1:06-cr-00558-MBS-2)

───────────

Submitted:  October 28, 2011          Decided:  November 7, 2011

───────────

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Steven Michael Hisker, Duncan, South Carolina, for Appellant.
John David Rowell, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shahiee Jermaine Flowers appeals his 168-month sentence imposed on remand following his jury conviction of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006); three counts of possession with intent to distribute and distribution of crack, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2011); and aiding and abetting possession with intent to distribute cocaine and crack, in violation of 21 U.S.C.A § 841(a)(1), (b)(1)(C) (West Supp. 2011), and 18 U.S.C. § 2 (2006). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court imposed an unreasonable sentence. Flowers filed two pro se supplemental briefs, arguing that (1) the Government improperly bolstered a confidential informant's credibility at trial; (2) the district court erred in replacing a juror with an alternate without an explicit finding that the juror was unable to perform or disqualified from performing her duties as a juror; (3) the court constructively amended the indictment; and (4) the court violated his Sixth Amendment rights in sentencing him based on an amount of crack greater than the amount for which the jury found him responsible. Finding no reversible error, we affirm.

2

Counsel for Flowers questions whether the district court imposed a reasonable sentence. Because Flowers did not request a sentence different than the one ultimately imposed (which was a downward variance based on a one-to-one crack-to-cocaine ratio), his sentence is reviewed for plain error. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). Thus, Flowers "must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." Id. at 577. We must begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

We conclude that the district court did not commit plain error in sentencing Flowers to 168 months' imprisonment. The district court varied below the applicable advisory Guidelines range, and it is clear from the proceedings below

3

that the court considered both parties' arguments and had "a reasoned basis for exercising its own legal decisionmaking authority."  See United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (internal quotation marks and alteration omitted).

In accordance with Anders, we have examined the entire record and the issues raised by Flowers in his supplemental briefs, and find no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Flowers, in writing, of his right to petition the Supreme Court of the United States for further review.  If Flowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Flowers.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4